UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **EDWARD TORRES and TERESA MURRAY,** | : | |
| | : | |
| **Plaintiffs,** | : | **CIVIL ACTION NO.** |
| | : | |
| **v.** | : | **3:14-cv-372-VLB** |
| | : | |
| **NANETE GAINES, KATHY MCGRIDE, HERBY DORMECANT, and MILLIE LANDLOCK,** | : | **September 11, 2015** |
| | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OF DECISION

Edward Torres and Teresa Murray (collectively, "Plaintiffs") bring a 42 U.S.C. § 1983 complaint against employees of the Connecticut Department of Children and Family Services ("DCF") and a social worker for the Child and Family Guidance Center ("CFGC") (collectively, "Defendants").  Plaintiffs allege that Defendants "without cause" and in violation of established federal and state procedures continue to investigate and prosecute a state proceeding to remove Plaintiffs' eight-year-old son from their custody.  The CFGC Defendant moves to dismiss for insufficient service of process.  That defendant was not properly served, but the complaint cannot be dismissed for insufficient service because Plaintiffs are not responsible for the service defect.  Accordingly, the motion to dismiss for insufficient service of process is DENIED, and the Marshals are ORDERED to serve the CFGC Defendant.  Two defendants move to dismiss the action for failure to state a claim.  The Court does not address these motions because abstention pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), is appropriate: the case involves an ongoing, state-initiated custody proceeding.

1

Accordingly, Plaintiffs' claims for injunctive and declaratory relief are DISMISSED without prejudice, Plaintiffs' claims for monetary relief are STAYED, the case is administratively CLOSED with leave to reopen after the conclusion of the state proceedings, and the motions to dismiss for failure to state a claim are DENIED as moot.  Within 28 days and upon an exception to *Younger* applies, Plaintiffs may move to reopen.

### FACTS AND PRODUCEDURAL BACKGROUND

Plaintiffs bring a civil rights action against DCF employees Nanete Gaines, Kathy McGride, and Henry Dormecant and CFGC social worker Millie Landlock.[1] Dkt. No. 8 (Am. Compl.).  Plaintiffs sue Defendants in their official and individual capacities. *Id.*  The complaint contains the following allegations.  Around the first or second week of September 2013, DCF brought a proceeding against Plaintiffs to terminate their parental rights over their eight-year-old son. *Id.* at 4.  Around the same time, Defendant Dormecant went to Plaintiffs' home and told them that he would take away their son unless they signed some papers. *Id.* at 13, 15.  In 2014, Defendant Gaines went to Plaintiffs' home and spoke with neighbors about the case. *Id.* at 12.  Defendants Dormecant and Gaines called Plaintiffs numerous times and told them that their son would be taken away. *Id.* at 17.  The state custody battle wages on despite the fact that "federal and state laws" not specified in the complaint require the proceedings to be closed in six months. *Id.* at 5.  Defendants continue to pursue this case without proof or cause of

---

[1] Neither Gaines nor McGride have been served within 120 days from the date this Court granted leave to proceed *in forma pauperis*.  A *sua sponte* dismissal for failure to serve process might be appropriate here but only after the Court provides both notice of its intent to do so and an opportunity to respond. The Court chooses not to pursue this course because *Younger* applies.

mistreatment or abuse: Plaintiffs properly care for their son.  *Id.* at 5–7, 20. Defendant Landlock told Plaintiffs that the case remains open because Plaintiff Murray refuses to see a psychologist.  *Id.* at 10–11.  Defendant Gaines told Plaintiffs that they must provide Defendant Landlock with their son's medical and school records to close the case, but Plaintiffs have already done so.  *Id.* at 21. Defendants' investigatory and prosecutorial activities are defamatory and place Plaintiffs in a false light.  *Id.* at 5, 19–20.  Plaintiffs seek, *inter alia*, monetary damages, to enjoin the state proceedings, and unspecified declaratory relief.  *Id.* at 23–25.

Defendant Dormecant moves to dismiss the complaint for failure to state a claim.  Dkt. No. 36 (Mot.).  He articulates the following three reasons for doing so. Dkt. No. 36-1 (Mem.).   First, the complaint "contains mere labels and conclusions."  *Id.* at 4–5.  Second, the complaint states only reputational claims and such claims do not constitute a violation of a person's constitutional rights. *Id.* at 5–7.  Third, the Eleventh Amendment bars official capacity claims for monetary damages.  *Id.* at 7–8.  Plaintiffs oppose Defendant Dormecant's motion by reiterating the factual allegations from their complaint and by arguing that they will be able to prove these allegations with future evidence.[2]  Dkt. No. 42 (Opp'n).

---

[2] Plaintiffs also argue that Defendant Dormecant failed to comply with Local Rule of Civil Procedure 12(a) by failing to provide a "Notice to *Pro Se* Litigant Opposing Motion to Dismiss."  Dkt. No. 42 (Opp'n) at 3.  Plaintiffs are correct, but Dormecant's error is harmless.  *Cf. Jova v. Smith*, 582 F.3d 410, 414 (2d Cir. 2009) (lack of *Vital* notice reviewed for harmless error). The purpose of the local rule is to provide notice, and Plaintiffs must have had actual notice if they are able to quote the applicable rule.  And, in any event, Defendant Dormecant subsequently cured this defect.  Dkt. No. 43 (Reply) at 10–11.

Defendant Landrock moves to dismiss "for lack of personal jurisdiction and insufficient service of process" and for failure to state a claim. Dkt. No. 51 (Mot.). She argues as follows. Dkt. No 51-1 (Mem.). The Court lacks personal jurisdiction because Plaintiffs' service of process was insufficient: the Marshals left a copy of the summons and complaint with Defendant Landrock's supervisor. *Id.* at 2–5. The complaint also fails to state a claim because the complaint is devoid of facts and because she was not acting under the color of state law. *Id.* at 7–8. Defendant Landrock is not a government employee and did not act at the direction of any local, state, or federal entity.[3] *Id.* at 8. In opposition, Plaintiffs again reiterate the allegations from their complaint and argue that dismissal for insufficient service of process is not grounds for dismissal. Dkt. No. 54 (Opp'n).

---

[3] Defendant Landrock provides two affidavits in support of her motion, both for the purpose of assessing service of process and whether the complaint states a claim. This evidence may be considered for the purpose of assessing the method of service but not whether the complaint states a claim. *Compare Koulkina v. City of New York*, 559 F.Supp.2d 300, 311 (S.D.N.Y. 2008) (court must look to matters outside the complaint), *with Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (court generally limited to four corners of the complaint). Despite Defendant Landrock's implicit invocation of Rule 12(b)(6), the Court may be able to consider this evidence for the purpose of assessing whether she was acting under the color of state law because state action may be a question of subject-matter jurisdiction. *See Moher v. Stop & Shop Cos., Inc.*, 580 F.Supp. 723, 725 (D. Conn. 1984); *cf. Polk Cnty. v. Dodson*, 454 U.S. 312, 336 (1981) (Blackmun, J., dissenting) (observing that "whether an employee acts under color of state law [is] a determination that goes to a federal court's subject-matter jurisdiction over a complaint"). However, even assuming that state action raises a jurisdictional question, the Court declines to address it and instead addresses *Younger* abstention. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999) ("[D]istrict courts do not overstep Article III limits when they . . . abstain under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), without deciding whether the parties present a case or controversy." (internal citations omitted)).

4

**LEGAL ANALYSIS**

The Court first addresses whether service of process was deficient and begins by noting that "[a]n objection to personal jurisdiction is distinct from an objection to process or service." 2 Moore *et al.*, *Moore's Federal Practice* § 12.33[2] (2013). Thus, although Defendant Landrock labels her motion as a motion to dismiss for lack of personal jurisdiction, the motion is properly raised pursuant to Federal Rule of Civil Procedure 12(b)(5). Fed. R. Civ. P. 12(b)(5). "When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (quotation marks and alterations omitted). "In considering a motion to dismiss pursuant to 12(b)(5) for insufficiency of service of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Koulkina*, 559 F.Supp.2d at 311 (quotation marks and alterations omitted).

Under federal and state law (the application of which is permitted by the Federal Rules of Civil Procedure), service of process against a private individual may only be accomplished in one of three ways: (A) personal delivery; (2) leaving a copy at the individual's usual place of abode; and (3) delivering a copy to duly authorized agent. *See* Fed. R. Civ. P. 4(e); Conn. Gen.Stat § 52-57(a). Here, the Marshals left a copy of the summons and complaint with Defendant Landrock's supervisor at work. Dkt. No. 37 (Process Receipt & Return). Defendant Landrock was not served personally or at her home, Dkt. No. 51-2 (Landrock Aff.) at ¶ 5, and Landrock's supervisor is not a duly authorized agent. Service of process was therefore not properly effectuated.

5

However, insufficient service does not automatically entitle Defendant Landrock to relief.  The time for service may be extended if "plaintiff shows good cause for the failure [to timely serve process]."  Fed. R. Civ. P. 4(m); *see also Gerena v. Korb*, 617 F.3d 197, 203–04 (2d Cir. 2010) (observing that extensions are "mandatory, not discretionary").   Good cause exists here because Plaintiffs, proceeding *in forma pauperis*, provided the information necessary for the Marshals to identify Defendant Landrock: her full name and work address.  *See Ruddock v. Reno*, 104 F. App'x 204, 206–07 (2d Cir. 2004) ("So long as such a [plaintiff] provides the information necessary to identify the defendant, courts have uniformly held that the Marshals' failure to effect service automatically constitutes good cause within the meaning of Rule 4(m).").   Accordingly, Defendant Landrock's motion to dismiss for insufficient service of process is denied, and the Marshals are ordered to serve Defendant Landrock.

The remaining grounds for dismissal rely on Federal Rule of Civil Procedure 12(b)(6).  But the parties miss a threshold issue: *Younger* abstention, the application of which a court may raise *sua sponte*.  *See Catlin v. Ambach,* 820 F.2d 588, 591 (2d Cir. 1987).   Moreover, because the Supreme Court treats *Younger* abstention as "jurisdictional," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 100 n.3 (1998), the Court declines the parties' implicit entreaties to explore the limits of permissible hypothetical jurisdiction.  *See D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1229 (10th Cir. 2004) (ruling that the Court had no power to address the merits when confronted with the possibility of *Younger* abstention); *but compare Steel Co.*, 523 U.S. at 94 (ruling that hypothetical

6

jurisdiction prohibited only to extent that lack of jurisdiction presents a constitutional question), *with Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728, (1996) (observing that abstention doctrines "derive from the discretion historically enjoyed by courts of equity"). Because, as discussed below, the Court rules that *Younger* abstention is appropriate, the Court denies as moot the motions to dismiss for failure to state a claim.

*Younger* requires federal courts to abstain from exercising jurisdiction over claims that implicate ongoing state proceedings. *Younger*, 401 U.S. at 43–44. *Younger* applies if the federal action involves ongoing: (1) "state criminal prosecutions"; (2) "civil proceedings that are akin to criminal prosecutions"; or (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs,* 134 S.Ct. 584, 588 (2013). Both the Supreme Court and the Second Circuit have observed that a "state-initiated proceeding to gain custody of children allegedly abused by their parents" falls within the second category.[4] *Davis v. Baldwin*, 594 F. App'x 49, 51 (2d Cir. 2015) (quoting *Sprint Commc'ns*, 134 S.Ct. at 592). If the federal action falls into one of these three categories, a Court may then consider the additional factors described in *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982). *See Sprint Commc'ns*, 134 S.Ct. at 593. Those factors examine, *inter alia*, whether the state interest is vital and whether the state proceeding affords an adequate opportunity to raise the constitutional claims. *Middlesex*, 457 U.S. at 432.

---

[4] The Court does not suggest that the underlying proceedings or Plaintiffs' conduct is in any way criminal. It is simply following precedent.

Here, Plaintiffs claims involve ongoing, state-initiated proceedings to gain custody of their minor son: they explicitly seek to enjoin those proceedings and raise only claims calling them into question.  Moreover, the *Middlesex* factors weigh in favor of applying *Younger*.  In an analogous case decided before *Sprint Commc'ns*, a couple sought to regain custody of their two daughters, alleging that they were taken away without cause and without following the proper procedures for removal.  *Donkor v. City of New York Human Res. Admin. Special Servs. for Children*, 673 F.Supp. 1221, 1222–23 (S.D.N.Y. 1987).  The *Donkor* Court applied *Younger* to dismiss the action, which was construed as being brought pursuant to 42 U.S.C §§ 1983, 1985, because of the "state's compelling interest in protecting the welfare of children" and because of the opportunity to raise constitutional claims in state court.  *Id.* at 1224, 1226–27.  The proceedings here similarly involve the state's compelling interest in protecting the welfare of children, and Plaintiffs may raise their federal constitutional claims during the state proceedings.  *See Barros v. Barros*, 309 Conn. 499 (2013) (addressing, pursuant to expedited appeal process, appellant's federal due process challenge to child custody proceedings).  Accordingly, *Younger* abstention is appropriate with respect to Plaintiffs' claims for injunctive and declaratory relief.  *See Hansel v. Town Court*, 56 F.3d 391, 393 (2d Cir. 1995) (observing that *Younger* applies to claims for injunctive and declaratory relief).  Those claims are dismissed without prejudice.  *See Siegel v. Apergis*, 2015 WL 1812649, at *1 (2d Cir. Apr. 22, 2015) (observing that jurisdictional dismissals are without prejudice).

8

The Supreme Court, however, has not addressed whether *Younger* applies to claims for monetary relief, ruling only that a stay rather than a dismissal of those claims would be appropriate. *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988). The Second Circuit has reiterated that a stay may be appropriate but has not explicitly articulated whether a stay is made pursuant to *Younger* or some other equitable principle. *See Kirschner v. Klemons*, 225 F.3d 227, 238 (2d Cir. 2000). The Court holds that *Younger* abstention is appropriate with respect to the claims for monetary relief. *See Simpson v. Rowan*, 73 F.3d 134, 138 & n.6 (7th Cir. 1995) (observing that "a plurality [of Circuits] now applies *Younger* in some fashion to damage claims" and that the Second Circuit has taken an "ambivalent approach"). As the Supreme Court has observed, abstention principles, where appropriate, may be applied to actions at law to permit federal courts to stay adjudication. *See Quackenbush,* 517 U.S. at 719–20. The application of *Younger* is appropriate here because the resolution of the claims for monetary damages still places the Court in the awkward position of having to question the validity of the underlying state proceedings, the sum and substance of Plaintiffs' claims. *See Guerro v. Mulhearn*, 498 F.2d 1249, 1253 (1st Cir. 1974) (applying *Younger* to monetary claims arising out of ongoing to criminal proceedings because those claims would require "rulings by virtue of which the validity of a conviction in contemporary state proceedings would be called in question"); *Saunders v. Flanagan*, 62 F.Supp.2d 629, 637 (D. Conn. 1999) (Droney, J.) (observing similar concerns). Accordingly, the claims for monetary relief are stayed pursuant to *Younger*. The action, however, will be administratively closed with leave to

reopen at the conclusion of the underlying state proceedings.  *See Carter v. Allen*, 2012 WL 32667, at *2 (D. Colo. Jan. 6, 2012) (administratively closing stayed claims for monetary relief).

Because the Court has raised the issue of *Younger* abstention *sua sponte*, Plaintiffs have not had the opportunity to address whether an exception applies. Exceptions to *Younger* will be found only in the narrowest of circumstances, such as "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction" or "extraordinary circumstances."  *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (quotation marks and alterations omitted).  "A plaintiff who seeks to head off *Younger* abstention bears the burden of establishing that one of the exceptions applies."  *Id.*

Plaintiffs have not met this high burden based on the current pleadings. Like the plaintiffs in *Donkor*, Plaintiffs have neither challenged a state statute nor the adequacy of established state procedures.   673 F.Supp. at 1227.  Moreover, like the plaintiffs in *Donkor,* Plaintiffs have rebutted their assertion of "bad faith" by alleging facts such as Murray's mental state and Plaintiffs' failure to timely disclose information.  *Id.*  Plaintiffs should nonetheless be permitted to introduce evidence in an attempt to show that some exception to *Younger* applies. Accordingly, Plaintiffs may seek to reopen the case within 28 days of the entry of this order.  The motion to reopen must be accompanied by facts, not simply legal conclusions, showing that an identified exception on which the Plaintiffs rely is implicated.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant Landrock's motion to dismiss for insufficient service of process; ORDERS the Marshals to serve Landrock; DISMISSES without prejudice the claims for injunctive and declaratory relief; STAYS the claims for monetary relief; CLOSES the case with leave to reopen within 28 days from the date of this order and at the expiration of the state proceedings; and DENIES as moot the motions to dismiss for failure to state a claim.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: September 11, 2015

11