UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD TORRES and TERESA MURRAY, | : : | |
|     *Plaintiffs*, | : : | CIVIL CASE NUMBER: |
| v. | : : | 3:14-cv-372-VLB |
| NANETE GAINES, KATHY MCGRIDE, HERBY DORMECANT, and MILLIE LANDLOCK, | : : : | April 4, 2016 |
|     *Defendants*. | : | |

## MEMORANDUM OF DECISION

Edward Torres and Teresa Murray (collectively, "Plaintiffs") brought a 42 U.S.C. § 1983 complaint against employees of the Connecticut Department of Children and Family Services ("DCF Defendants") and a social worker for the Child and Family Guidance Center ("CFGC Defendant") (collectively, "Defendants"). Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), the Court dismissed the claims for injunctive and declaratory relief and stayed the claims for monetary relief because any ruling would have interfered with an ongoing, state administrative adjudicatory proceedings. The Court raised the issue of *Younger* abstention *sua sponte* and therefore granted Plaintiffs leave to file a motion to reopen on the basis that an exception to *Younger* applies. Plaintiffs move for reconsideration of the Court's decision and to reopen the action. DCF Defendants move for an order authorizing disclosure of confidential information and for an extension of time to oppose Plaintiffs' motions. For the following reasons, the motions are DENIED.

1


I.      **Motion for Reconsideration**

This Court's prior order described Plaintiffs' demand for relief as follows: "Plaintiffs seek, *inter alia*, monetary damages, to enjoin the state proceedings, and unspecified declaratory relief." ECF No. 63 (Order) at 3. Plaintiffs move for reconsideration, arguing that the Court inaccurately described their demand for relief because they sought clearly defined injunctive and declaratory relief. ECF No. 66 (Mot.) at 1. Plaintiffs' argument does not warrant reconsideration because the Court's decision appropriately described Plaintiffs' demand for relief. With respect to Plaintiffs' request for injunctive relief, the Court did not describe Plaintiffs' request as unspecified; "unspecified" modified only the words "declaratory relief." With respect to Plaintiffs' request for declaratory relief, the Court did not construe Plaintiffs' request "to (cease) (stop) of all civil violations – a public apology on transcript – the inter alia of $160,000.00 dllrs [sic] – Defendants to be (Job) terminated without pay for all violations" as articulating a specific request for declaratory relief because none of these requests can properly be described as a request for declaratory relief. Even assuming that the Court's description of Plaintiffs' demand for relief was inaccurate, Plaintiffs do not explain how the alleged error would have altered the outcome of the Court's decision. Accordingly, Plaintiffs' motion for reconsideration is DENIED.

II.     **Motion to Reopen**

The Court's prior order also granted Plaintiffs leave to file a motion to reopen on the basis that some exception to *Younger* applies. ECF No. 63 (Order) at 10. The Court explained that "[e]xceptions to *Younger* will be found only in the

narrowest of circumstances, such as 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction' or 'extraordinary circumstances.' *Id.* (quoting *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002)). Plaintiffs now move to reopen, repeatedly describing Defendants actions as "illegal," "unfair, "fail[ing] 'due process,'" done "without legal weight or evidence," in violation of Defendants' own regulations, and performed "without cause." ECF No. 65 (Mot.). With the exception of two letters concerning attempts by two of the defendants to help Plaintiff Murray schedule substance abuse and mental health evaluations, to inform Plaintiffs about community resources, and to assist in ensuring the safety and well-being of their child, Plaintiffs offer little in the way of evidence or factual allegations. *Id.*

Plaintiffs have failed to allege facts or produce evidence demonstrating that either the "bad faith" exception to *Younger* applies. The "bad faith" exception applies only when "the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive." *Diamond "D"*, 282 F.3d at 199. Egregious constitutional violations are insufficient. *Id.* Plaintiffs have not demonstrated that this exception applies because the only evidence offered in support of the motion to reopen demonstrates that the custody action was initiated in good faith: the attached letters demonstrate a concern for the well-being of Plaintiffs' child, their family, and the physical and emotional health of Plaintiff Murray. This conclusion remains true even if Defendants' concerns were misplaced or even if their actions were taken without cause or due process.

**The "extraordinary circumstances" exception applies when "the challenged** *state statute* **is flagrantly and patently violative of express constitutional prohibitions . . . ."** *Donkor v. City of New York Human Res. Admin. Special Servs. for Children*, **673 F. Supp. 1221, 1227 (S.D.N.Y. 1987) (emphasis added).   Plaintiffs have not demonstrated that this exception applies because they argue that "Defendants violate . . .** *their own* **regulations."  ECF No. 65 (Mot.) at 4 (emphasis added).   Accordingly, the Court DENIES the motion to reopen.**

**III.     DCF Defendants' Remaining Motions**

**Defendants move for an order authorizing the disclosure of confidential DCF information.  ECF No. 68 (Mot.).  The Court DENIES this motion because the documents are unnecessary given that Plaintiffs have failed to meet their burden of establishing that an exception to** *Younger* **applies.  Defendants also move for an extension of time to respond to Plaintiffs motions.  ECF No. 69 (Mot.).  The Court DENIES this motion because there is nothing to oppose now that the Court has now ruled on Plaintiffs' pending motions.**

4

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motion for reconsideration (ECF No. 66), Plaintiffs' motion to reopen (ECF No. 65), DCF Defendants' motion for an order authorizing disclosure of confidential DCF information (ECF No. 68), and Defendants' motion for an extension of time to oppose Plaintiffs' motions (ECF No. 69).

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: April 4, 2016